[Cite as *State v. Avery*, 2026-Ohio-2783.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA00096 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Licking County, Case No. 2025CR00474 |
| SARAH R. AVERY, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment: July 20, 2026 |

BEFORE: Craig R. Baldwin, Andrew J. King, and David M. Gormley, Judges

APPEARANCES: Jenny R. Wells (Licking County Prosecuting Attorney) and Kenneth W. Oswalt (Assistant Prosecuting Attorney), Newark, Ohio, for Plaintiff-Appellee; Sierra L. See (See & Keys Law Office, LLC), Newark, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}    Appellant Sarah Avery challenges in this appeal the trial court's imposition of maximum sentences on her after she pled guilty to two fifth-degree-felony drug-related charges. She argues here that the trial court, by imposing the longest possible prison terms on each of the two drug charges, failed to comply with Ohio's sentencing statutes that require a trial court to consider the purposes of felony sentencing, the seriousness of the offender's conduct, and the likelihood of recidivism. For the reasons explained below, we affirm the trial court's judgment.

**The Key Facts**

{¶2}    Law-enforcement officers initiated traffic stops of Avery's vehicle in July 2024 and August 2025, and methamphetamine was found in Avery's vehicle on both occasions.

Avery was subsequently charged with two fifth-degree-felony counts of aggravated possession of drugs.

{¶3} Avery pled guilty to both charges and was sentenced to a prison term of 12 months on each charge, with those prison terms to be served consecutively to each other. Avery has appealed, arguing that she was sentenced too harshly.

**Avery's Failure to Object in the Trial Court Limits Our Review of the Sentence Here**

{¶4} Avery's sole assignment of error challenges the trial court's imposition of the 12-month prison terms — the longest possible prison terms — on the F5 aggravated-possession charges.

{¶5} A defendant may, under R.C. 2953.08(A)(1), appeal a sentence that includes a "maximum definite prison term" for an offense. But we are permitted by the (G)(2) provision of that statute to undo a felony sentence if and only if "clear[] and convincing[]" evidence indicates either that the trial court's sentencing-related findings are not supported by the record or that the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2).

{¶6} We recently reiterated that a trial court's imposition of a maximum prison term for a felony offense is not contrary to law "'if the sentence is within the statutory range for the offense'" and if the court "'considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.'" *State v. Deitenbeck*, 2025-Ohio-4487, ¶ 18 (5th Dist.), quoting *State v. Carbaugh*, 2023-Ohio-1269, ¶ 26 (5th Dist.).

{¶7} When considering whether the "otherwise contrary to law" language applies to a trial court's sentence, we are not permitted to overturn or alter the sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 [explaining the

overriding purposes of felony sentencing] and 2929.12 [directing the trial court to consider various factors tied to the seriousness of the crime in question as well as various other factors relevant to the likelihood that the defendant will commit other crimes in the future]." *State v. Jones*, 2020-Ohio-6729, ¶ 29. *See also State v. Ogden*, 2025-Ohio-1168, ¶ 14 (4th Dist.) ("this court cannot review a felony sentence when appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12"); *State v. Truesdell*, 2024-Ohio-5376, ¶ 79 (1st Dist.) ("an appellate court may not independently weigh the evidence in the record and substitute its judgement for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12").

{¶8}    Despite the limit on our reviewing authority spelled out in the Supreme Court's *Jones* decision noted just above, Avery does in fact urge us to find that her sentence is contrary to law because — in her view — the trial judge failed to adequately consider the sentencing factors listed in R.C. 2929.11 and 2929.12.

{¶9}    And even before we turn to the merits of Avery's argument, we note that Avery did not object at the sentencing hearing once the trial judge announced the sentence. That misstep now poses a significant hurdle for her because, as we reiterated just last year, "[a]n error 'that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court' is deemed forfeited absent plain error." *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.), quoting *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.). *See also* Crim.R. 52(B) and *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 ("because Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error").

{¶10} After the trial judge announced the sentence in the case, the judge asked Avery, as well as her trial attorney and the State, whether any other matters needed to be addressed. Avery's counsel said that there were none. That brief exchange tells us that Avery was given "a meaningful opportunity to express the concerns that [she] now raises here." *Bright* at ¶ 9. In light of that fact, and because Avery did not object to the sentence imposed, we review Avery's sentence solely for plain error.

## We See No Plain Error in the Sentence

{¶11} "To constitute plain error, an error 'must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection.'" *Id.* at ¶ 10, quoting *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). "'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶12} To achieve the "overriding purposes of felony sentencing" — protecting the public from future crime, punishing the offender, making whole any victims and the public, and rehabilitating the offender, all of which are to be accomplished with the least onerous and least costly sanctions available — the trial court should "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

{¶13} And listed in R.C. 2929.12 are several factors that trial courts in felony cases must consider when weighing not only the seriousness of the offender's conduct but also his or her likelihood for committing future crimes. That statutory provision also makes plain —

in R.C. 2929.12(A) — that the trial court retains "discretion to determine the most effective way to comply" with the lofty overriding purposes described in R.C. 2929.11.

{¶14} "Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons . . . for imposing a particular sentence within the statutory range." *State v. Webb*, 2019-Ohio-4195, ¶ 17 (5th Dist.). The Revised Code also does not require that the trial court "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000), citing R.C. 2929.12.

{¶15} In this case, a presentence investigation was conducted by the trial court's probation staff, and the resulting presentence report was reviewed by the trial judge and by counsel for both parties before the sentencing hearing.

{¶16} Then at that sentencing hearing, the trial judge noted that Avery had violated the conditions of her bail by using alcohol, and the judge mentioned, too, that Avery had not taken advantage of treatment opportunities available to her while the current charges were pending or when she was on community-control supervision for a prior drunk-driving conviction. The trial judge, before announcing the sentence, also mentioned aloud that Avery had prior drug-related convictions on her criminal record and had not maintained stable housing for herself and her children.

{¶17} The trial judge then imposed 12-month prison terms for each of the aggravated-possession charges, and — after making the requisite consecutive-sentence findings — the judge ordered that Avery serve those prison terms consecutively.

{¶18} Avery acknowledges that the trial court had discretion to impose prison terms for these low-level felony offenses instead of community-control sanctions because Avery had

violated the conditions of her bond. *See* R.C. 2929.13(B)(1)(b)(iii). Avery maintains, though, that the record does not support the imposition of maximum prison terms for the two F5 drug charges.

**{¶19}** Though the trial judge did not say at the sentencing hearing that he had considered the purposes and principles of sentencing set out in R.C. 2929.11 or that he had weighed the seriousness and recidivism factors set out in R.C. 2929.12 — words that careful trial judges ought to mention at any sentencing hearing in a felony case — we cannot say that the trial judge's failure to mention either statute amounts to plain error in this case.

**{¶20}** By noting on the record at the sentencing hearing the facts that he found important when crafting Avery's sentence — including her bond violation, her prior convictions, her failure to engage in treatment for her substance-use issues, and her struggles to secure and maintain stable housing — the trial judge demonstrated that he did in fact consider the requisite factors in R.C. 2929.11 and 2929.12. *See State v. Nation*, 2026-Ohio-2003, ¶ 14 (2d Dist.) ("[i]t is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence").

**{¶21}** We see no plain error in the sentences imposed by the trial court. Given that the judge complied with the applicable sentencing statutes, we have "no basis for concluding" that the sentences are contrary to law. *State v. Hess*, 2024-Ohio-2842, ¶ 33 (5th Dist.). *See also State v. Boyd*, 2025-Ohio-984, ¶ 53 (2d Dist.) ("A [felony] sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12").

{¶22} For these reasons, the judgment of the Court of Common Pleas of Licking County is affirmed. Costs are to be paid by Appellant Sarah Avery.

By: Gormley, J.;

King, P.J. and

Baldwin, J. concur.